THE PENNSYLVANIA RAILROAD COMPANY AND THE UNITED NEW JERSEY RAILROAD AND CANAL COMPANY, PROSECUTORS, v. THE CITY OF RAHWAY, DEFENDANT.

*Argued May 5, 1925—Decided October 22, 1925.*

**Taxes and Assessments — Assessments of Benefits — Sidewalk—Prosecutors Had Notice and Protested—Protest Not Being Heeded, It Was Incumbent Upon Them to Act Promptly—They Alleged That Existing Sidewalk Was Adequate; They Should Have Immediately Tested the Validity of Ordinance—This They Did Not Do.**

On application for writ of *certiorari.*

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutors, *Theodore Strong.*

For the defendant, *David Armstrong.*

PER CURIAM.

In this application the prosecutors seek to review an assessment by the city of Rahway of $78.98 for benefits accruing to them upon the laying of a concrete sidewalk on Irving street, in the city of Rahway. It is claimed that the assessment is invalid because it takes away the private property of the prosecutors without compensation, and because the prosecutors had no notice of the confirmation of the assessment. The improvement was undertaken upon the pas-

sage of an ordinance authorizing it to be done, and notice was given to the prosecutors to replace their existing sidewalks with concrete sidewalks. Compliance with this notice was not observed, and the city proceeded to construct the new sidewalks. Upon this the assessment was made, and later, on the 4th of February, 1924, confirmed. On June 23d, 1923, the prosecutors served a notice of protest against the notice to repair. No steps were taken other than this until August of 1924, when application was made to Mr. Justice Kalisch for a writ of *certiorari,* and was by him refused.

The present application coming in at the May term of the present year, obviously, the prosecutors are in laches. The authorities on this point are clear. They are to the effect that one situated as were the prosecutors cannot sit idly by and observe such improvements without thereafter being estopped from complaining. *Cunningham* v. *Merchantville,* 61 *N. J. L.* 466; *Glass Works* v. *Glassboro,* 79 *Id.* 352. The prosecutors had notice of the improvement and its purpose. To this they made protest to the municipal authorities. The protest not being heeded, it was incumbent on them to move promptly to test the validity of the improvement. In the affidavits upon which the writ is applied for it is said that "the board of commissioners * * * have * * * torn up and destroyed a safe, sufficient and legal part concrete and part blue stone flag sidewalk, * * * and have replaced said sidewalk with a cement concrete sidewalk," assessing the prosecutors for the benefits therefrom. If it was the purpose of the prosecutors to contest the validity of the new sidewalk on the ground that there was a safe, sufficient and legal sidewalk already there, they were obliged to act with promptness.

The application for a writ of *certiorari* is denied.